James F. Niehoff, J.
This is a motion by the defendants for an order dismissing the complaint upon the ground that the court lacks jurisdiction of this case because plaintiff seeks a recovery in excess of the court’s monetary jurisdiction (UDCA, § 202).
Three causes of action are set forth in the complaint. Plaintiff demands judgment on each cause of action in the amount of $6,000, or in the total amount of $18,000.
Plaintiff’s contention is that the three causes of action are separate and distinct and that, therefore, they may properly be joined in one complaint in this court notwithstanding the fact that, taken together, they call for a monetary judgment in excess of this court’s jurisdiction. In support of her argument plaintiff refers to section 211 of the UDCA which reads, in part, as follows: “Where several causes of action are asserted in the complaint, and each of them would be within the jurisdic *67 tion of the court if sued upon separately, the court shall have jurisdiction of the action. In such case judgment may be rendered by the court in excess of $6,000 if such excess result solely because of such joinder.”
Defendants, on the other hand, argue that ‘ ‘ plaintiff is unlawfully splitting one cause of action in an attempt to increase her damages ”.
Manifestly, section 211 of the UDCA expresses the legislative policy of encouraging joinder of causes of action in one complaint so as to avoid multiplicity and repetition, as well as to avoid wastage of time, money and manpower, and to reduce the case load of the court and its personnel. Needless to say, the policy of the law which encourages the joinder of causes of action frowns upon and condemns the splitting of causes of action to make two lawsuits out of one cause which may lead to expensive, vexatious, and oppressive litigation (see 3 Carmody-Wait 2d, New York Practice, § 16:1).
A civil cause of action is defined as “ the fact of an actionable wrong to the plaintiff, and it arises from the infringement of the plaintiff’s legal right by the defendant’s breach of legal duty ”. (See 3 Carmody-Wait 2d, New York Practice, § 15:1.) Like other causes, a cause of action founded on tort cannot be split and suits predicated upon the divided parts thereof. ‘ ‘ Bach trespass, conversion, fraud, or other tort gives a single right of action, however numerous the items or wrong or damage may be. And all damages that accrue from a single wrong, although at different times, make but one cause of action. Thus only one action may be brought for an injury to the person, in which action the plaintiff may recover not only the damages actually sustained up to the time of the trial, but also compensation for future damages.” (3 Carmody-Wait 2d, New York Practice, § 16:19.)
We turn now to the complaint herein.
Clearly, the three causes of action arise out of a single occurrence which allegedly took place on April 20, 1968, at 465 Rockaway Avenue, Valley Stream, New York, a store at which defendant Harry Cornell allegedly conducts a hairstyling business under the assumed business name of Hairstyling by Mr. Harry.
The first cause of action states that on such date and at such place “ the defendants willfully and maliciously, and without any just cause or provocation, assaulted and beat this plaintiff, and struck her ’ ’
The second cause of action states that on such date and at such place while the plaintiff was attempting to leave said *68 property in obedience to the order of “ the defendant “ the defendant willfully, wantonly, maliciously and recklessly assaulted and beat plaintiff and struck her about the body and otherwise beat and assaulted her ”.
The third cause of action states that on such date and at such place ‘ ‘ without any just cause or provocation, * * * [a] clerk, servant, or employee of the defendant, to wit charlotte Cornell, assaulted and beat the plaintiff and pushed and shoved her from said store ’
Thus, plaintiff, by the first cause of action, seeks to recover damages of $6,000 from the defendants for an assault which occurred at 465 Eockaway Avenue, Valley Stream, New York, on April 20, 1968. The second cause of action does not refer to a different or separate assault. It simply elaborates on the first cause of action by alleging that the assault occurred while the plaintiff was attempting to leave the premises. The third cause of action elaborates further on the first cause of action by alleging that the person who committed the assault was an employee of defendant, Harry Cornell.
Quite plainly, then, the plaintiff has split one cause of action for assault into three causes. Accordingly, the defendants’ motion to dismiss the complaint herein is granted, unless within 10 days after service of a copy of this order plaintiff serves an amended complaint containing a single cause of action within the monetary jurisdiction of this court.